

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 3 2006

CLERK, U.S. DISTRICT COURT
By _____
                Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

TINA S. HO-GLAND,                          §
                                           §
            Plaintiff,                     §
                                           §
v.                                         §     CIVIL ACTION NO.
                                           §     5:04-CV-225-C
                                           §
JO ANNE B. BARNHART,                       §
Commissioner of Social Security,           §
                                           §
            Defendant.                     §

## REPORT AND RECOMMENDATION

Plaintiff Tina S. Ho-Gland successfully challenged a decision of the Commissioner

of Social Security denying her application for Supplemental Security Income.  Ho-Gland,

through her attorney, Dorsett C. Bennett, II, now seeks an award of attorney's fees under the

provisions of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and Defendant

Jo Anne B. Barnhart, the Commissioner of Social Security, objects to the  application for

fees.

The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case

to the United States Magistrate Judge for report and recommendation, proposed findings of

fact and conclusions of law, and a proposed judgment.  Having reviewed the arguments of

counsel, the evidence substantiating the request for an award of attorney's fees, as well as

the applicable case law and statutory authority, this court recommends that the District Court

grant Ho-Gland's request for attorney's fees in part and deny the request in part.

I. **Introduction**

The EAJA provides:

> A district court shall award to a prevailing party . . . fees and other expenses
> . . . incurred by that party in any civil action . . . including proceedings for
> judicial review of agency action, brought by or against the United States in any
> court having jurisdiction of that action, unless the court finds that the position
> of the United States was substantially justified or that special circumstances
> make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The statute, as amended in 1996, specifically provides that

"attorney fees shall not be awarded in excess of $125 per hour unless the court determines

that an increase in the cost of living or a special factor . . . justifies a higher fee." *Id.*

Bennett seeks attorney's fees for 24.6 hours of legal work in the amount of $3,769.95.

Bennett contends this amount is reasonable and represents 4.2 hours of legal work performed

in 2004 at an hourly rate of $151.65 for a total of $636.93 and 20.2 hours of legal work

performed in 2005 at an hourly rate of $155.10 for a total of $3,133.02. Bennett also seeks

additional attorney's fees for additional time he expended responding to the Commissioner's

objections to the application for attorney's fees.

The Commissioner does not dispute that Ho-Gland is entitled to an award of

attorney's fees under the EAJA and does not contend that there has not been a significant

increase in the cost of living since the 1996 amendment to the EAJA. The Commissioner

contends, however, that Bennett has not borne his burden of proving that he is entitled to the

hourly rates he requests and that the attorney's fees should remain capped in this case at the

statutory rate of $125 per hour. She specifically contends that Bennett failed to provide

2

proper proof to support a cost-of-living increase in his application for EAJA. The Commissioner further contends that Bennett has not provided proof of a special factor that would warrant an increase above the statutory rate.[1]

Bennett contends that the hourly rates he requests are based on the statutory rate of $125 provided under the 1996 amendment to the EAJA and an increase in that rate based on increases in the national cost of living since 1996. As the Commissioner argues, Bennett did not, in fact, base his request for an increase in the statutory rate on data reflecting increases in the cost of living in Lubbock, Texas. Rather, he relied on data from the Consumer Price Index for all Urban Consumers (CPI-U) for the years 2004 and 2005 to justify his request for a cost-of-living adjustment in the statutory rate. The Commissioner argues that Bennett should have relied on the cost-of-living index for Lubbock, Texas, the market in which he practices law rather than the more general CPI-U. Bennett counters the Commissioner's argument by pointing out that there is no consumer price index for Lubbock, Texas.

The CPI-U, which is published by the United States Department of Labor, Bureau of Labor Statistics (DOL-BLS), is a measure of the average change over time in prices paid by all urban consumers in the nation for market goods and services. *See* United States Department of Labor, Bureau of Labor Statistics, Consumer Price Indexes,

---

[1]

The Commissioner also contends that Bennett requests a different number of hours worked in 2005 in two different places in his brief -- she points out that he requests to be compensated for 20.2 hours of legal work completed in 2005 on page one of his application and for 20.4 hours for that year on page twelve of his application. The Commissioner's contention is not addressed in this Report and Recommendation because Bennett used the lower number of hours to compute the total number of hours of legal services rendered.

3

http://www.bls.gov/cpi/cpifaq.htm# Question (last visited Jan. 11, 2006).  The DOL-BLS

publishes monthly price indexes for the United States; for the four Census regions

(Northeast, Midwest, South, and West); and the three largest metropolitan areas (Chicago,

Los Angeles, and New York).  The DOLS-BLS publishes bi-monthly indexes for the next

eleven largest major metropolitan areas[2] and semi-annual indexes for thirteen smaller

metropolitan areas. [3]  Although the DOL-BLS publishes bi-monthly indexes for the major

population areas of Houston-Galveston-Brazoria, Texas, and Dallas-Fort Worth, Texas, the

Department does not publish an index on any periodic basis for Lubbock, Texas.  Thus, in

the absence of published data for the Lubbock area, the central question in this case is what

data would be appropriate to determine the amount of increase, if any, that should be

awarded in an application for fees under the EAJA.

## II.    Discussion

As an initial matter it should be noted that because the EAJA is a partial waiver of

sovereign immunity, it is strictly construed in the Government's favor.  *Texas Food Indus.*

*Ass'n v. United States Dept. of Agric.,* 81 F.3d 578, 580 (5th Cir. 1996) (citations omitted).

An equally important consideration is the Congressional purposes behind the enactment of

§ 2412: "to ensure adequate representation for those who need it *and* to minimize the costs

---

[2]

Included in this group are metropolitan areas such as Dallas-Fort Worth, Texas; Cleveland-Akron, Ohio; San Francisco-Oakland-San Jose, California; and Atlanta, Georgia.  http://www.bls.gov/cpi/cpifaq.htm (last visited Jan. 11, 2006).

[3]

Included in this group are metropolitan areas such as Anchorage, Alaska; Honolulu, Hawaii; Kansas City, Missouri-Kansas; and Tampa-St. Petersburg-Clearwater, Florida. *Id.*

of this representation to taxpayers." *See Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir.

1988) (emphasis in the original).  Finally, the court must recognize that as the fee applicant,

Ho-Gland bears the burden of proving that the fees she requests are reasonable. *See Powell*

*v. Commissioner of Internal Revenue*, 891 F.2d 1167, 1173 (5th Cir. 1990).

   With regard to the amount of attorneys' fees to be awarded under the EAJA, the

statute states as follows:

> The amount of fees awarded under this subsection shall be based upon
> prevailing market rates for the kind and quality of the services furnished,
> except that . . . attorney fees shall not be awarded in excess of $125 per hour
> unless the court determines that an increase in the cost of living or a special
> factor, such as the limited availability of qualified attorneys for the
> proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

   The court, therefore, may grant an increase in the statutory rate of $125 per hour for

attorneys' fees if it is determined that an increase in the cost of living or a special factor

justifies a higher fee, *Hall v. Shalala*, 50 F.3d 367, 370 (5th Cir. 1995) (citing 28 U.S.C.

§ 2412(d)(2)(A)(ii)); thus, the statute provides two independent prongs under which a rate

increase is permissible, *id*. (citing *Baker*, 839 F.2d at 1085 n.4); *see* 28 U.S.C.

§ 2412(d)(2)(A).  Bennett seeks an adjustment in the statutory fee rate based on the first

prong, an increase in the cost of living, and was therefore not required to offer proof of a

special factor that would justify a rate increase. *See Hall*, 50 F.3d at 370.

   In *Baker*, the Fifth Circuit Court of Appeals set forth guidelines for the reimbursement

of attorneys' fees under § 2412(d) for prevailing parties in Social Security Appeals, focusing

5

specifically on whether and in what situations cost of living increases should be applied to upwardly adjust the statutory rate under the EAJA. At issue were five cases in which Dallas district courts refused to award attorneys' fees in excess of the statutory rate provided in the EAJA. *Baker*, 839 F.2d at 1079.

The court held that although fee adjustments are not required under the EAJA, Congress intended to allow fee adjustments in order to reflect cost-of-living increases and, further, that although courts are vested with discretion in awarding fees, in the absence of unusual circumstances, an increase in the statutory rate of $125 per hour should be granted when there is an increase in the cost of living in a particular locale.[4] *Baker*, 839 F.2d at 1084.

The court remanded the cases and ordered the Dallas district courts to determine whether an increase in the statutory fee rate was justified based on circumstances in the Dallas market. *Id.* at 1085. The court further ordered the courts to ensure that attorneys' fees awarded under the EAJA were thereafter awarded with uniformity in the Dallas division; that is, that upward adjustments in the EAJA statutory rate be made on a uniform rather than individualized basis. *Id.* at 1079, 1084.

Although the Fifth Circuit Court of Appeals has acknowledged that data from CPI indexes may be used as a basis for cost-of-living adjustments under the EAJA, *Perales v.*

---

[4]

The court advised that the EAJA "does not necessarily require that the award of attorneys' fees track the cost-of-living index for the geographical area." *Id.* at 1084. The court acknowledged that the cost-of-living index is "certainly significant" but may not be conclusive; the decision regarding increases to the statutory rate is within the discretion of the district court. *Id.* With the Congressional goals of § 2412(d)(2)(A) in mind, the court also advised that rates "should be increased only to the extent necessary to ensure an adequate source of representation and should never exceed the percentage by which the market rate attorneys' fees have increased . . .." *Id.*

*Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992), and that upward increases in the statutory

EAJA fee, if granted, should be based on the market rate for attorneys' fees, *Baker*, 839 F.2d

at 1084, the court has never held that upward increases must be based on cost of living

indexes. On the other hand, the court has held that rates should never exceed the percentage

by which market rate attorneys' fees have increased since the enactment of the statutory rate.

*See id.*

With the foregoing in mind, along with the directive from *Baker* that fee adjustments

be applied to Social Security appeals on a uniform basis, this court recommends that the

District Court allow a fee adjustment above the statutory rate of $125 per hour in this case

based on the market rate for attorneys' fees in Lubbock, Texas, rather than a cost of living

index published by the DOL-BLS. Application of the CPI-U or even the CPI for the Dallas

Fort Worth area would render hourly rates above market rate for attorneys' fees in Lubbock,

Texas, which would run afoul of the directives in *Baker* and the goals of the EAJA.

Utilizing the CPI-U, as Bennett did, renders an hourly fee of $151.65 for 2004 and

$155.10 for 2005. Utilizing the CPI for the Dallas-Fort Worth metropolitan area, renders an

hourly fee of $150.42 for 2004 and $153.19 for 2005.[5] Thus, if the court were to grant

upward increases to attorneys practicing law in Lubbock based on the CPI-U, as Bennett

---

[5]

To determine the appropriate fee adjustment based on increases in the cost of living, one must multiply the EAJA cap of $125 by the CPI for the year in which the legal services were performed and then divide the amount by the CPI for the month the statutory cap was imposed, which is March 1996. The formula reads as follows: (statutory cap X CPI of year of services) / (CPI in March 1996). Utilizing the CPI-U, the formula is: 125. X 188.9 / 155.7 = $151.65. When utilizing the Dallas-Fort Worth CPI, one must use the April 1996 CPI because the DOL-BLS does not publish an index in March for the area. Thus, the formula reads as follows: 125. X 148.5 / 178.7 = $150.42.

suggests, the hourly rates would be greater than the adjusted rates granted to attorneys by Dallas district courts utilizing the CPI for the Dallas-Fort Worth metropolitan area. Such a result would be contrary to the dual purposes of the EAJA and the dictates of *Baker* because, based on the undersigned's knowledge of attorney billing rates and based on data complied by the State Bar of Texas, the market rate for attorneys' fees in metropolitan areas in West Texas is significantly lower than that in the Dallas-Fort Worth metropolitan area.[6]

Thus, the adjusted rate awarded to EAJA fee applicants in Lubbock, Texas, should be lower than $150.42 for 2004 and $153.19 for 2005, the rates (based on cost-of-living adjustments) that could be awarded a Dallas attorney. This court, therefore, recommends that hourly rates be capped in this case at $140 per hour for 2004 and $142 per hour for 2005. This approach would comply with Fifth Circuit precedent. Under *Baker*, if a court determines that a fee adjustment is warranted, the adjustment should be based on data demonstrating a change in the cost-of-living in the locale in which the legal services were rendered and the rate should "never exceed the percentage by which the market rate attorneys' fees have increased . . .." *See Baker*, 839 F.2d at 1085.

The determination as to whether an upward adjustment in the statutory $125 hourly rate should be granted rests within the discretion of the court. *Baker*, 839 F.2d at 1084. However, the determination should be reasonable and uniform. *Hall*, 50 F.3d at 370. Based

---

[6]

According to the Department of Research Analysis of the State Bar of Texas Hourly Rates in 2003 Report, the median hourly rate charged by attorneys with eleven to fifteen years experience practicing law in the Dallas-Fort Worth-Arlington metropolitan area was $245 per hour whereas an attorney with the same years of experience in metropolitan areas in West Texas charged a median rate of $153 per hour.

on the statutory rate of $125 and the market rate for attorneys' fees in Lubbock, Texas, a reasonable hourly rate for reimbursement of attorneys' fees under EAJA is $140 per hour for 2004 and $142 per hour for 2005.

This court recommends that Bennett's legal fees be limited to no more than $140 per hour for services rendered in 2004 and $142 per hour for services rendered in 2005. Using the foregoing amounts results in a recommended award of attorneys' fees in the amount of $588.00 for 4.2 hours of legal services rendered in 2004, plus $2,868.40 for 20.2 hours of legal services performed in 2005, plus $284.00 for 2 hours Bennett expended in defending his application, for a total award of $3,740.40.

## IV.   **Recommendation**

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court:

(1)    Allow an hourly rate above the statutory cap of $125 per hour, based upon the market rate for attorneys' fees in Lubbock, Texas, not to exceed $140 per hour for 2004 and $142 per hour for 2005.

(2)    Award attorney's fees in this case in a total amount of $3,740.40 for all work performed in the case by Dorsett C. Bennett, II.

## V.   **Right to Object**

Pursuant to 29 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy

9

of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: _____January 23_____, 2006.


NANCY M. KOENIG
United States Magistrate Judge

10